# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| MARIA KOROTNEY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:07-cv-127 |
| | § | |
| SEARS ROEBUCK & COMPANY, | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION & ORDER ON
## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Before the court are the "Plaintiff's Motion to Compel Production" (de # 19) and a Response (de # 22) and Reply (de # 24) thereto. Based on the Motion, the arguments of the parties and the applicable law, the court is of the opinion that the Motion should be DENIED.

Maria Korotney filed this lawsuit against Sears Roebuck and Company stating claims of negligence, premises liability and negligence per se. On a visit to Sears, Korotney fell to the ground and sustained serious injuries. In her Motion, Korotney seeks the production of two sets of documents. The first is information generated by Sears related to the investigation regarding Korotney's fall contained in a manila folder. Sears had agreed to produce the manila folder, and the Plaintiff's Response to Sears' Motion for Summary Judgment does not argue that such was not done.

The second set of documents consists of the information created by Sears following a slip and fall accident involving another patron (Jennifer Hardy) eight days before the Korotney incident in a different part of the store. Sears claims the report following the other accident is irrelevant because it has no bearing on the facts surrounding Korotney's accident. Korotney claims the report is relevant because it might contain inaccuracies and might shed light on Sears' accident follow-up procedures. (Pl.'s Reply ¶ 4.)

Federal Rule of Civil Procedure 26(b)(1) provides that discovery may be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense..." However, discovery may be limited by the court if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit…" FED. R. CIV. P. 26(b)(2)(C).

The discovery rules are accorded a broad and liberal treatment to affect their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)), and it is well established that the district court has wide discretion in establishing the confines of discovery. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir. 2000).

Courts have recognized that while it is true that relevance in discovery is broader than that required for admissibility at trial, "the object of inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue." *Piacenti v. Gen. Motors Corp.*, 173 F.R.D. 221, 223 (N.D.Ill. 1997). Further, the information must be "reasonably calculated to lead to the discovery of admissible evidence." *Id.* Courts have also recognized that "the legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Id.*

The report summarizing the Hardy accident is not relevant to Korotney's case. The Hardy accident happened eight days prior to and in a different part of the store from Korotney's accident.

Aside from occurring in the same building, the two incidents share no common thread. One of the reasons stated by Korotney for using the report is that it may be inaccurate. The possibility that the report inaccurately describes the location of the Hardy accident fails to connect it to this case. Korotney's other justification for compelling production of the report is that it may contain information regarding Sears' protocols regarding store cleanliness. While the report quite possibly does contain such information, Korotney is certainly free to offer witness testimony at trial as to those policies and whether Sears adhered to them leading up to Korotney's fall.

Based on the foregoing, the court finds that the documents generated following the prior accident at the Sears location at issue are irrelevant. Accordingly, the court is of the opinion that the "Plaintiff's Motion to Compel Production" (de # 19) should be, and hereby is, DENIED with respect to the report and other documents generated by Sears in connection with the investigation of Jennifer Hardy's accident.

IT IS SO ORDERED.

**SIGNED this the 18th day of September, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE