**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| MARIA KOROTNEY, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:07-cv-127 |
| | § | |
| SEARS ROEBUCK & COMPANY, | § | |
|    Defendant. | § | |

**MEMORANDUM OPINION & ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the court are the "Defendant's Motion for Summary Judgment" (de # 26) and a Response (de # 28) and Reply (de # 29) thereto. Having considered the Motion, the arguments of the parties and the relevant legal principles, the court is of the opinion that the Motion should be GRANTED.

**I. BACKGROUND**

Maria Korotney filed this lawsuit against Sears Roebuck and Company asserting three claims under Texas state law. In the early afternoon of November 4, 2006, Korotney was shopping at a Sears location in Lewisville, Texas while on vacation from her home in Michigan. During her visit to Sears, Korotney fell to the floor with rather impressive force, as she sustained injuries to her shoulder that warranted surgery and continues to require treatment. After she fell, Sears employees called for an ambulance and began an investigation of the area around Korotney's fall. The investigation, which involved visual, tactile and photographic inspection of the area, did not reveal any substance or article on the floor that would have caused Korotney to fall. In addition, the security cameras, which rotate 360 degrees rather than being fixated on a given point, that could have

captured the incident did not do so. (Pl.'s Resp. Ex. C. 49:13-50:10; Def.'s Reply Ex. A. 24:19-25:4.)

Korotney brought this lawsuit asserting claims of premises liability, negligence and negligence *per se*. In her Complaint, Korotney has alleged eleven theories as to Sears' fault, ranging from inadequately warning patrons of any slippery condition, using excessive wax on the floor and using overly slick floor treatments. Sears filed this Motion at the close of discovery, arguing that Korotney has been unable to adduce any evidence on several essential elements of her claims.

## II. LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *See id*. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See id*. at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the

essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 323, 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The nonmovant must adduce affirmative evidence. *See Anderson*, 477 U.S. at 257.

### III. DISCUSSION & ANALYSIS

Texas law imposes on property owners a duty to its invitees to protect them from unreasonable risks on the premises of which the owner either knows or would know in the wake of a reasonable investigation. *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996) (per curiam). Texas law thus requires premises owners reasonably to investigate their property so that unsafe conditions will be discovered and addressed. *See Coastal Marine Serv. of Tex. v. Lawrence*, 988 S.W.2d 223, 225 (Tex. 1999) (per curiam). As a customer of Sears, Korotney was an invitee. *See McClure v. Rich*, 95 S.W.3d 620, 625 (Tex. App.—Dallas 2002, no pet.). In order to prevail on her premises liability claim, Korotney must prove:

> (1) that [Sears] had actual or constructive knowledge of some condition on the premises;
> (2) that the condition posed an unreasonable risk of harm;
> (3) that [Sears] did not exercise reasonable care to reduce or eliminate the risk; and
> (4) that [Sears]'s failure to use reasonable care proximately caused Korotney's injuries.

*Motel 6*, 929 S.W.2d at 3 (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)). Among Sears' arguments is that Korotney has produced no evidence indicating actual or constructive

knowledge on its part that a dangerous condition existed at its store.

Korotney may show Sears' requisite knowledge by adducing evidence that it caused the condition, had actual knowledge of the condition or that "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). Requiring such proof is "firmly rooted" in Texas law and stems from the recognition that conditions in business establishments may exist due to circumstances outside of a storekeepers' control. *Id.*

Here, Korotney simply has not made an attempt to describe the circumstances surrounding the allegedly dangerous condition at the Sears location that day. There is no evidence that Sears created or had actual knowledge of the allegedly dangerous condition. Korotney testified that she did not know how long any dangerous substance had been on the floor. (Def.'s Mot. Ex. B. 51:25-52:4.) The Supreme Court of Texas has held that a plaintiff resting on a constructive knowledge theory in a premises liability case must offer some proof that the condition existed long enough to put the premises owner on notice that there is a dangerous condition upon which to act. *Id.* at 816. Absent actual or constructive notice to the premises owner, it is under no duty to act. *Motel 6*, 929 S.W.2d at 4. Otherwise, premises owners would be transformed into insurers of their invitees' safety, a position long and repeatedly rejected in Texas jurisprudence. *E.g.*, *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000).

Indeed, not only is Korotney unable even to suggest how long any dangerous substance was on the floor, she has been unable to identify whether a dangerous condition existed in the first place. On a number of occasions during her testimony, Korotney testified that there was nothing on the floor that would have caused her to fall. (Mot. at Ex. B. 49:25-50:20; 65:9-12.) Korotney also

testified that the floor looked dry and that no substance was on her pants or shoes after her fall. (*Id*. at 51:8; 52:7-12.) Korotney's granddaughter, who was with her at the time of the accident, testified that she also saw nothing on the floor that would have caused Korotney's fall. (*Id*. at Ex. C, 14:1-3.) Additionally, the Sears investigation, which consisted of taking pictures, walking around the scene in shoes of varying sole styles and feeling for substances revealed nothing.

Thus, not only has Korotney failed to assert what condition caused her fall and how long the allegedly dangerous condition was on Sears' floor, the record indicates that any such substance was so inconspicuous that it could not be located even amid an intense search. *See Sturdivant v. Target Corp.*, 464 F. Supp. 2d 596, 603 (N.D. Tex. 2006) (finding that the defendant lacked constructive knowledge of the dangerous condition based on its unobtrusiveness). Korotney's is far from the first premises liability case decided under Texas law to fail based on the plaintiff's inability to demonstrate notice on the part of the landowner. *See, e.g.*, *Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 320 (5th Cir. 2003); *Strudivant*, 464 F. Supp. 2d at 603; *Horton v. Kroger Texas L.P.*, Civ. A. No. 3-03-cv-1939-P, 2004 U.S. Dist. LEXIS 23382, at *8 (N.D. Tex. Nov. 17, 2004); *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 409 (Tex. 2006); *Reece*, 81 S.W.3d at 817; *Motel 6*, 929 S.W.2d at 4. Korotney's assertion that her fall could have been caused by a rubber runner[1] is accompanied by no evidence and contradicts her deposition testimony. It is no more than speculation, which is insufficient to create a triable fact. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Her affidavit, which does not even state that it describes the circumstances of her trip to Sears, fails in its aims for the same reasons.

---

[1] A "runner" in this context is a thin piece of material that bridges the junction of different floorings, such as carpet and linoleum, so as to allow a smooth transition while walking from one to the other.

The court will also address Korotney's negligence claim though it appears to be no more than a reiteration of her premises liability claim. To the extent that this theory differs from the premises liability claim in that it rests on negligent activity, Korotney's negligence claim fails as a matter of law. Among the elements she must prove on a negligent activity theory is a connection between her injury and a contemporaneous activity performed by Sears. *In re Tex. DOT*, 218 S.W.3d 74, 77-78 (Tex. 2007) (citing *Keetch*, 845 S.W.2d at 264). Korotney has alleged no such activity, rendering her negligence claim insufficient.

Although not set out in her Complaint as a separate cause of action, Korotney alleges Sears to have violated numerous statutes, indicating a negligence *per se* theory of recovery. "Negligence *per se* is a common-law doctrine that allows courts to rely on a penal statute to define a reasonably prudent person's standard of care." *Reeder v. Daniel*, 61 S.W.3d 359, 361-62 (Tex. 2001). Korotney's failure to enumerate even a single statute she alleges Sears to have violated renders this claim incompetent.

### IV. CONCLUSION

Based on the foregoing, the court finds that Korotney has been unable to create a genuine issue of material fact as to any of her three theories of recovery. Accordingly, the court is of the opinion that the "Defendant's Motion for Summary Judgment" (de # 26) should be, and hereby is, GRANTED. Any motions that remain pending should be, and hereby are, DENIED AS MOOT.

IT IS SO ORDERED.

**SIGNED this the 18th day of September, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE